T.C. Memo. 2004-32

UNITED STATES TAX COURT

ADRIAN D. TROUTMAN, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12449-01.               Filed February 6, 2004.

Adrian D. Troutman, Jr., pro se.

<u>Julie L. Payne</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined an income tax

deficiency of $22,270 and a penalty pursuant to section 6662(a)[1]

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

of $4,454 for 1999.  After concessions,[2] the issues for decision

are:  (1) Whether Adrian D. Troutman, Jr. (petitioner), is

entitled to a deduction pursuant to section 162(a)(1) for alleged

additional compensation paid to his employee;[3] and (2) whether

petitioner is entitled to a deduction for costs associated with

the construction of a logging road on his property.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

The stipulation of facts and the attached exhibits are

incorporated herein by this reference.  At the time he filed the

petition, petitioner resided in Winlock, Washington.

During 1999, petitioner operated three sole proprietorships:

T-Foil Enterprises, A & J Insulation Contractors (Washington),

and A & J Insulation Contractors (Oregon).  T-Foil Enterprises

manufactured insulation, while A & J Insulation Contractors

installed the insulation manufactured by T-Foil Enterprises.  The

insulation manufactured by T-Foil Enterprises was also sold to

third parties.

---

[2]  Respondent has conceded all issues identified in the notice of deficiency for 1999 and allowed a previously unclaimed deduction for a charitable contribution of $6,405 for 1999.

[3]  This issue was not included in the statutory notice of deficiency or in the petition.  We find that the issue was tried by consent pursuant to Rule 41(b)(1), and we consider it to be before the Court.

Petitioner's Employee Amy Novak-O'Farrell

Beginning in 1986, and for part of 1999, T-Foil Enterprises employed Amy Novak-O'Farrell "off and on".  During 1999, Ms. Novak-O'Farrell was also employed by Premier Productions, LLC, and All Platinum Spinners, two businesses which she owned. T-Foil Enterprises employed Ms. Novak-O'Farrell as an office manager.  Ms. Novak-O'Farrell's duties included purchasing business items and office supplies for T-Foil Enterprises, picking up mail, reviewing bills, paying bills, depositing business receipts, collecting rent on property owned by petitioner, depositing rent collected, and performing miscellaneous tasks as necessary.  Ms. Novak-O'Farrell also purchased personal items for petitioner and his family. Petitioner often worked away from the office for 7 to 10 days at a time, and he would pick up the purchased items when he returned to the office.  With approval from petitioner, Ms. Novak-O'Farrell also purchased personal items for herself using petitioner's credit card.

Ms. Novak-O'Farrell recalled earning $1,000 per month in wages from petitioner.  Checks from T-Foil Enterprises indicate that Ms. Novak-O'Farrell received approximately $300 per week in gross wages, and $254.10 per week in net take-home pay. Petitioner also agreed to pay Ms. Novak-O'Farrell's monthly car payment and gasoline expenses as additional compensation.

Ms. Novak-O'Farrell made purchases for T-Foil Enterprises in one of two ways. Sometimes she purchased items with an American Express card. The American Express card had her name on it, but the charges incurred on that card were billed to petitioner. On other occasions, Ms. Novak-O'Farrell purchased business items with her own funds or her own credit card. When she purchased business items with her own funds or credit card, petitioner would reimburse her, or she would write a T-Foil Enterprises check to herself. Petitioner periodically reviewed the American Express bills and canceled checks. There is no evidence that petitioner objected to these practices during 1999.

During 1999, Ms. Novak-O'Farrell and petitioner were friends in addition to their employer-employee relationship.

From October 1998 to March 2001, Ms. Novak-O'Farrell rented a house from petitioner. The parties did not execute a written lease. Ms. Novak-O'Farrell agreed to pay between $900 and $950 per month in rent, which petitioner raised to $1,200 sometime in 1999. In or about July 1999, Ms. Novak-O'Farrell injured herself and did not work. From August 1999 through December 1999, petitioner and Ms. Novak-O'Farrell orally agreed that she would pay only half the rent due (approximately $450 to $475).

Petitioner's Logging Road

During 1999, Sherwood Trucking & Bulldozing installed a logging road onto wooded land owned by petitioner.

OPINION

A.   <u>Alleged Additional Compensation to Ms. Novak-O'Farrell</u>

Petitioner argues that he is entitled to a deduction for additional compensation paid to his employee, Ms. Novak-O'Farrell, over and above those claimed on his Form 1040 for 1999, because of certain purchases that she made.

Deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to the deductions claimed.[4]  See Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435 (1934).  Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In addition, the taxpayer bears the burden of substantiating the amount and purpose of the item for the claimed deduction.  See <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Ordinarily, a taxpayer is permitted to deduct the ordinary and necessary expenses that he pays or incurs during the taxable year in carrying on a trade or business.  See sec. 162(a)(1).  An expense is ordinary for purposes of this section if it is normal or customary within a particular trade, business, or industry. See <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940).  An expense is

---

[4]  Petitioner does not contend that sec. 7491(a) is applicable to this case.

necessary if it is appropriate and helpful for the development of the business. See <u>Commissioner v. Heininger</u>, 320 U.S. 467, 471 (1943).

A taxpayer may deduct payments for compensation if the amount paid is reasonable and for services actually rendered for the payor in or before the year of payment. See sec. 162(a)(1); <u>Lucas v. Ox Fibre Brush Co.</u>, 281 U.S. 115, 119 (1930). The reasonableness of compensation is a question of fact that must be answered by comparing each employee's compensation with the value of services that he or she performed in return. See <u>RTS Inv. Corp. v. Commissioner</u>, 877 F.2d 647, 650 (8th Cir. 1989), affg. per curiam T.C. Memo. 1987-98; <u>Charles Schneider & Co. v. Commissioner</u>, 500 F.2d 148, 151 (8th Cir. 1974), affg. T.C. Memo. 1973-130; <u>Estate of Wallace v. Commissioner</u>, 95 T.C. 525, 553 (1990), affd. 965 F.2d 1038 (11th Cir. 1992).

Generally, payments are deductible if they are made with an intent to compensate. <u>Paula Constr. Co. v. Commissioner</u>, 58 T.C. 1055, 1058 (1972), affd. 474 F.2d 1345 (5th Cir. 1973); see also <u>UAL Corp. v. Commissioner</u>, 117 T.C. 7, 10 (2001); <u>Elec. & Neon, Inc. v. Commissioner</u>, 56 T.C. 1324, 1340 (1971). "Whether such intent has been demonstrated is a factual question to be decided on the basis of the particular facts and circumstances of the case." <u>Paula Constr. Co. v. Commissioner</u>, <u>supra</u>.

1. <u>Purchases Made by Ms. Novak-O'Farrell</u>

Petitioner argues that the purchases made by Ms. Novak-O'Farrell were additional compensation to her. We disagree.

Ms. Novak-O'Farrell credibly testified that her duties included purchasing office supplies and business items. Petitioner's authorization of her business purchases is evident from the fact that petitioner added her to his American Express account and gave her an American Express card in her name. It is also evident from the fact that petitioner reimbursed her for purchases made with her own funds and credit card. Ms. Novak-O'Farrell also testified that petitioner asked her to purchase personal items for him and his family as part of her duties. Ms. Novak-O'Farrell did not identify any additional agreed-upon compensation.

Petitioner has not established that Ms. Novak-O'Farrell's personal purchases, made with petitioner's permission and on his credit card, were intended as compensation. Petitioner did not report additional compensation for alleged personal purchases as income to Ms. Novak-O'Farrell on a Form W-2, Wage and Tax Statement, for 1999, the year the purchases were made. We conclude that Ms. Novak-O'Farrell's agreed-upon compensation from T-Foil Enterprises was her weekly wages, plus car payments and gasoline. Petitioner's payments of additional, sporadic personal purchases, if any, were likely based on his friendship with Ms. Novak-O'Farrell. They were not additional fixed compensation for services rendered. See Anaheim Paper Mill Supplies, Inc. v. Commissioner, T.C. Memo. 1978-86; cf. Commissioner v. Duberstein, 363 U.S. 278, 285-286 (1960) (transfer of Cadillac to business

acquaintance for names of potential customers held to be compensation).

Petitioner has not established that he is entitled to a deduction for compensation pursuant to section 162(a)(1) for any of the purchases of personal items made by Ms. Novak-O'Farrell.

2.  Reduced Rent Paid by Ms. Novak-O'Farrell

Petitioner argues that the amount of rent Ms. Novak-O'Farrell did not pay during 1999 (approximately $450 to $475 per month) was compensation to her.  We disagree.

Petitioner and Ms. Novak-O'Farrell were friends when she rented petitioner's house.  Petitioner permitted her to pay less rent in 1999 because she injured herself and could not work.[5] Other than his self-serving testimony, petitioner presented no evidence to show that he forgave the additional rent owed with an intent to compensate Ms. Novak-O'Farrell.  Petitioner issued no Form W-2 to Ms. Novak-O'Farrell for this alleged additional compensation.  Additionally, petitioner wrote a letter to Ms. Novak-O'Farrell, which he submitted as evidence in this case, which indicates that he seeks to collect the rent that she previously did not pay.

Petitioner has not established that he is entitled to a deduction for compensation pursuant to section 162(a)(1) for Ms. Novak-O'Farrell's reduced rent.

---

[5]  Ms. Novak-O'Farrell's injury was not incurred at work.

B.    Deduction for Road Construction

At trial, petitioner raised, for the first time, the issue of an additional deduction for costs associated with building a logging road on his property.  Petitioner's petition does not address this issue.  Petitioner did not amend his petition to raise this issue.  Petitioner did not exchange documentary evidence related to the logging road with respondent before the trial, as directed by the Court's pretrial order dated October 16, 2002.

Ordinarily, we will not consider issues that are raised for the first time at trial or on brief.  See Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975).  This Court has held on numerous occasions that it will not consider issues which have not been pleaded.  See, e.g., Estate of Mandels v. Commissioner, 64 T.C. 61 (1975); Estate of Horvath v. Commissioner, 59 T.C. 551, 556 (1973); Frentz v. Commissioner, 44 T.C. 485, 490-491 (1965), affd. by order 375 F.2d 662 (6th Cir. 1967).

At trial, the Court did not allow petitioner to raise this issue.  Further, the Court sustained respondent's objection to the admission of evidence related to the logging road.  In his posttrial brief, petitioner again attempts to raise the issue of deduction of expenses associated with the construction of the logging road.  This issue is not before the Court.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.